## 11637

### ANTONAKAS v. ANDERSON CHAMBER OF COMMERCE

#### (126 S. E., 35)

1. Dedication—Intention of State Governs in Ascertaining Whether it Had Dedicated Land to Public.—In ascertaining whether State has dedicated land to public use, the intention of the State governs.

2. Dedication—Intention of State to Dedicate Land to Public Must be Shown by Cogent, Clear and Convincing Evidence.—Intention of State to dedicate land to public use must be shown by cogent, clear, and convincing evidence.

3. Dedication—One Who Has No Greater Right Than Other Citizens Cannot Maintain Action to Enjoin Use of Land for Purpose Other Than That for Which it Was Dedicated.—One who has no greater right than any other citizen cannot maintain action to enjoin use of land dedicated by State for purpose other than that for which it was dedicated.

4. Dedication—Dedication by State for Use as Park Does Not Preclude State From Granting Use for Other Public Purposes.—Dedication by State of lot to public use as park does not preclude State from granting its use for other public purposes.

5. States—Legislature Has Paramount Authority Over Public Ways and Public Places.—Legislature has paramount authority over all public ways and public places.

6. States—Act Leasing State's Land for Erection of Building and Providing for Use of Portion Thereof by County, Free of Rent, Held to Grant Use of Land for Public Use.—Act General Assembly March 5, 1924 (33 St. at Large, p. 1518), leasing lot owned by State for 99-year period for erection of building and providing for offices for County Demonstration Agent and Home Demonstration Agent in such building free of rent, and for 1,000 square feet of floor space for use by County, free of rents, for offices or for auditorium, *held* to grant use of lot for public use.

7. CONSTITUTIONAL LAW—STATUTE LEASING STATE'S LOT FOR ERECTION
OF BUILDING HELD NOT VIOLATIVE OF DUE PROCESS CLAUSE OF STATE
AND FEDERAL CONSTITUTIONS.—Act General Assembly March 5, 1924
((33 St. at Large, p. 1518), leasing land theretofore used as public
square for erection of building to contain offices of County and
Home Demonstration Agents and other County offices or audito-
rium for public assemblage, free of rent, *held* not violative of Const.
Art. 1, § 5, and Const. U. S., Amend. 14, prohibiting the taking of
property without due process of law.

8. STATES—ACT LEASING LAND FOR ERECTION OF BUILDING HELD NOT
UNCONSTITUTIONAL ATTEMPT TO DEVOTE PUBLIC PROPERTY TO PRIVATE
CORPORATION.—Act General Assembly March 5, 1924 (33 St. at
Large, p. 1518), leasing land theretofore used as public square for
erection of building to contain offices of County and Home Demon-
stration Agents and other County offices or auditorium for public
assemblage, free of rent, *held* not violative of Const., Art. 3, § 31,
as attempt to devote public property to private corporation; the
grant being for public uses.

9. CONSTITUTIONAL LAW—STATUTE LEASING LAND PREVIOUSLY USED AS
PUBLIC SQUARE FOR ERECTION OF BUILDING HELD NOT VIOLATIVE OF
CONSTITUTIONAL PROHIBITION AGAINST IMPAIRMENT OF CONTRACT OB-
LIGATIONS.—Act General Assembly March 5, 1924 (33 St. at Large,
p. 1518), leasing land theretofore used as public square for erection
of building to contain offices of County and Home Demonstration
Agents and other County offices or auditorium for public assemblage,
free of rent, *held* in action to enjoin use of land for such purpose
by owner of adjoining property, not violative of Const., Art. 1, § 8,
and Const. U. S., Art. .1, § 10, prohibiting impairment of contract
obligations; there being no contract between such owner and the
State with respect to the use of such land. •

Before BONHAM, J., Anderson, September, 1924. Af-
firmed.

Action by G. D. Antonakas against the Anderson Cham-
ber of Commerce, etc. Judgment for defendant, and plain-
tiff appeals.

The decree of Judge Bonham in the Court below follows:

The plaintiff is a citizen and resident and taxpayer in the
City of Anderson, County of Anderson, State of South
Carolina. The defendant is an eleemosynary corporation
created and existing under and by the authority of the laws
of the State of South Carolina, and is not organized for the

purposes of gain or profit to its members, but exists for the main purpose of stimulating the agricultural, industrial and commercial growth and prosperity of the City and County of Anderson.

Plaintiff is the owner of a two-story building and the lot on which it is, on the west side of the publc square in the City of Anderson, on what is locally known as "Brick Range." Situate in the public square is the Plaza Lot which lies as is shown by this figure:

Main Street

West Whitner Street

West Benson Street

Plaza Lot

West Drive of Main Street

Plaintiff's premises are divided from the Plaza lot by West drive of Main Street which is 46 feet wide.

At the 1924 session of the General Assembly of South Carolina, an Act was passed and approved by the Governor the 5th day of March, 1924 (33 St. at Large, p. 1518), by which the State of South Carolina leased to the Anderson Chamber of Commerce the said Plaza lot for a period of 99 years for the purpose of erecting and maintaining a building thereon. At the expiration of the lease, to wit, the

31st day of March, 2023, the charge, custody, and control of said property by said Anderson Chamber of Commerce shall cease, and said real estate, together with the building thereon, shall be the absolute property of the present owner, etc. By the terms of the Act offices, free of rent, are to be provided for the County Demonstration Agent and the Home Demonstration Agent, and 1,000 square feet of floor space are to be given the County for offices or as an auditorium, as the County Delegation in the General Assembly may decide.

The plaintiff brings this action to enjoin defendant from erecting the building on the Plaza lot thus authorized by the Act of the General Assembly alleging that by reason of the fact that said Plaza lot is situated in the center of the City of Anderson, and by reason of the fact that it is, and has been for many years, used as a public square, and has for the past several years been maintained as in the nature of a public park, attracting numbers of people by its beauty, and causing them to congregate there and in the vicinity thereof, and by reason of the fact that said Plaza lot has been for many years unoccupied save as a location for the Confederate Monument, and, therefore, allows persons traveling on Main Street in said City full view of and easy access to plaintiff's said building and to the West drive of South Main Street, and permits plaintiff's said building to have an adequate supply of light and air, the value of plaintiff's building is greatly enhanced, much more than if the Plaza lot were occupied and used for other purposes. That the erection on Plaza lot of the proposed building will deprive plaintiff of these benefits and advantages and work irreparable injury to his property, to his loss and damage.

It is further pleaded by plaintiff that at the time of the passage of the Act of March 5, 1924, the State was not the owner, nor possessor, of said Plaza lot, because the same had been openly and notoriously used by the citizens and taxpayers of the City and County of Anderson for more

than 20 years; and because the State has not asserted any claim to nor exercised any ownership over said Plaza lot since 1827; hence that the said Act of the General Assembly is null, void, and of no effect.

It is further alleged in the complaint that the Plaza lot is forever charged with an equitable easement or servitude, growing out of the facts herein following related, and that the General Assembly is without authority to authorize the use of said Plaza lot for any purpose other than for a public square.   Following is the history of the title: In the year 1826 (December 20 [6 St. at Large, p. 289]), the General Assembly of South Carolina passed an Act entitled "An Act to divide Pendleton District into two Counties," the southern to be called Anderson, the northern Pickens.   By the terms of the Act, commissioners were appointed and authorized to select a tract of land of not less than 100 nor more than 400 acres, upon which they should lay out a village and determine the site of the public buildings for a Court House for the County of Anderson.   Accordingly, the commissioners purchased of Zadock Chamblee, Hezekiah Rice, and William McGhee 130 acres of land, which premises were conveyed by said vendors by proper deeds to the State of South Carolina, its successors and assigns.   In pursuance of the authority vested in them by said Act, the commissioners divided the said tract of 130 acres into squares and lots, and caused to be made a plat thereof which was filed in the office of the Secretary of State, and on which the square and lots bore numbers.   That the commissionrs pursuant to the terms of the Act, sold lots at public auction, and in the name of the State of South Carolina executed and delivered to the purchaser of said lots fee simple deeds of conveyance thereto.   That lot No. 53 on said plat situate west of a public street (West drive of Main Street on my sketch), bounding said Plaza lot, was sold to Samuel G. Earle, and a part of that lot No. 53 has by successive con-

veyances come into the possession of the Plaintiff, Antonakas.

It is further alleged that the Plaza lot was unnumbered on said plat, that said Plaza lot was never sold by the State of South Carolina, and that it was the intention of the commissioners to reserve said Plaza lot for a public square; that it should forever be used as a public square; and the lots adjoining it, sold by said commissioners by the plat, should be benefited therefrom, and that they thereby created in favor of said adjoining lots an equitable easement in the Plaza lot, with which it is forever bound. And the State has no power to authorize the use of the Plaza lot for any purpose other than a public square.

Plaintiff sets up the allegation that the Act of March 5, 1924, is in violation of Article 1, Section 5, Constitution of South Carolina, 1895, and of the Fourteenth Amendment to the Constitution of the United States, because that it deprives plaintiff of his property without due process of law. He further alleges that that Act is unconstitutional, null, and void for the reason that it attempts to authorize the devoting of public property to Anderson Chamber of Commerce, a private corporation, and is, therefore, in conflict with Article 3, Section 31, of the Constitution of South Carolina, 1895.

He further pleads that the Act of March 5, 1924, is unconstitutional, null, and void because it impairs the obligation of a contract between the State of South Carolina and the original purchasers of lots adjoining the Plaza lot and separated therefrom only by streets, that it would forever be used as a public square, and would forever be bound with an equitable easement in favor of said original purchasers, and the said Act is in violation, therefore, of Article 1, Section 8, Constitution of South Carolina, and Article 1, Section 10, Constitution of the United States.

A further plea is that the said Plaza lot having been used continuously by the citizens and taxpayers of the City and

County of Anderson as a public square for more than 75 years, the State of South Carolina has dedicated the same to the public for such purpose, and the General Assembly is without power to authorize its use for any other purpose.

Plaintiff, therefore, prays that defendant be perpetually enjoined from erecting an office or other building on said lot.

To this complaint the defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action in the several pariculars set out in the demurrer, which, with the complaint, really make but two questions for consideration:  (1) Has the State dedicated the Plaza lot to public uses.  (2) Has the State the right, even if such dedication were made, to authorize the use of the property for other public purposes; and this includes the question, is the building authorized by the Act of March 5, 1924, for a public purpose, and for public uses. It is conceded in the argument that these are the questions for decision.

The demurrer—for the purposes thereof—admits the truth of the allegations of the complaint.  The facts set out in the complaint do not attempt to show that plaintiff and his predecessors in title ever had any express grant of easement in the Plaza lot, nor are any facts stated from which such grant of easement to them may be implied.  Nor are there any allegations of fact from which it might be implied that the plaintiff and his predecessors in title had acquired by dedication any right or easement in or to the Plaza lot differing in kind and degree from that of the body of the public.

Do the facts show by evidence cogent, clear, and 1, 2  convincing that the State dedicated the Plaza lot to the public for its use as a public square?  What are the allegations of the complaint relied upon to show such dedication?  They are that the commissioners who laid off the village of Anderson and had made a plat thereof left the

Plaza lot on said plat unnumbered and unmarked; that they never sold it; that the public has for many years used it as a public place and a public park; that a monument to the Confederate dead has been built on it; that it has been improved and beautified by the Civic Association; and is used by the people as a place of assembly because of its beauty. But it is not alleged that these things were done with the knowledge or approval of the State. Can these facts be deemed to be sufficient to show an intent on the part of the State to dedicate this lot to the public for its use? It is the intention of the State which is to be determined. And it is incumbent on the plaintiff to show by evidence "cogent, clear and convincing" that the intention was to dedicate the Plaza lot to the public use as a park.

In *Railway Co. v. Fairfax*, 80 S. C., 430; 61 S. E., 956, the Supreme Court said: "Dedications being an exceptional and a peculiar mode of passing title to interest in land, the proof must usually be strict, cogent and convincing and the acts proved must be inconsistent with any construction other than that of a dedication. * * * The burden of proof to establish [it] is upon the parties setting it up." The "proof" shown by the complaint falls far short of this measure. Practically, the only acts of the State upon which plaintiff relies to show the intent to dedicate Plaza lot to public uses or a park are that it was left vacant, it was not sold by the commissioners, it is not numbered nor marked on the plat which they had made, and the State has made no use of it.

"In the interpretation of maps and plats intention will not be inferred from symbols of uncertain imports, or from fanciful adornments of the plat, nor from names importing private uses as well as public, and vacant areas will not of themselves be taken as dedicated." 8 R. C. L., p. 896.

. . . If it should be conceded that there was a dedication to the public, it does not appear that plaintiff acquired any greater right than any other citizen, and,

therefore, he has no special right to maintain this action. See *Manson v. Railroad Co.,* 64 S. C., 120; 41 S. E., 832. *Cherry v. Rock Hill,* 48 S. C., 553; 26 S. E., 798.

Again, if it should be conceded that there was a dedication by the State of the Plaza lot to public use as a park, that does not preclude the State from granting its use to other public purposes. The Legislature "has paramount authority over all public ways and public places." 3 Dillon Municipal Corporations (5th Ed.), 1122.

It is proper to inquire whether the use granted to Anderson Chamber of Commerce in the Plaza lot, by the Act of the General Assembly of date 5th of March, 1924, is a public use. I hold that it is. It is so declared in the Act. After declaring that the use of the building therein provided to be erected shall be for the Chamber of Commerce and its subsidiary and affiliated organizations, free of rent, provision is made for offices for the County Demonstration Agent and the Home Demonstration Agents, free of rent, and for 1,000 square feet of floor space to be used by the County free of rent, for offices or as an auditorium for the public assemblage of taxpayers of Anderson County. It is further provided that upon the termination of the lease, viz., March 31, 2023, the building to be erected on the Plaza lot and the lot itself shall become the property of the present owner, freed and discharged from all liens and incumbrances.

It is difficult to conceive how language, expressive of intention, could make it plainer that the grant to the Chamber of Commerce is for public uses.

The complaint attacks the constitutionality and validity of the Act on several grounds, which, I think, are without merit.

1. The complaint invokes the protection of Section 5, Article 1, of the Constitution of South Carolina, and the Fourteenth Amendment of the Constitution

of the United States, which prohibit the taking of property without due process of law. I connot find in the Act of 1924 any invasion of this protective provision of the State and Federal Constitutions. The paramount title to Plaza lot was in the State, there was no previous dedication to public uses which precluded the grant to the Chamber of Commerce made by the Act of 1924.

2. It is further urged that the said Act violates the provisions of Article 3, Section 31, of the Constitution of South Carolina, because it attempts to devote public property to a private corporation. It has been clearly demonstrated that the grant to the Chamber of Commerce was for public uses.

3. It is further contended that the Act is unconstitutional, null, and void because it impairs the obligation of a contract in contraventon of provisions of Article 1, Section 8, Constitution of South Carolina, and Article 1, Section 10, Constitution of the United States.

There is an utter failure to prove that there was an express or implied contract between the commissioners representing the State, and the predecessors in title of the plaintiff respecting the use of the Plaza lot.

I can find no merit in any of these constitutional objections.

The questions made by the pleadings in the case at bar are conclusively decided by the Supreme Court of South Carolina, against the contentions of plaintiff, in the cases of *Haesloop v. City Council of Charleston,* 123 S. C., 272; 115 S. E., 596, and *Chapman v. Greenville Chamber of Commerce,* 120 S. E., 584.

In the former case it was sought to enjoin the City of Charleston from conveying upon certain terms a lot of land for use as a site for a tourist hotel. The injunction was refused; the Court holding that the grant was on adequate consideration and was for public use, because it added permanent real estate improvements to the city, increased the

taxable property by $1,000,000, and stimulated the growth and business of the city.

In *Chapman v. Greenville Chamber of Commerce,* the facts are in striking similarity to those of the present case. Indeed, the Act of March 5, 1924, relating to the Plaza lot, is, except for changes of names, locations, and dates to suit the separate conditions, the counterpart of the Act of February 2, 1923 (33 St. at Large, p. 688), which gave to the Greenville Chamber of Commerce the sole and exclusive control till March 31, 2023, of the old Court House lot on the east side of Main Street, in the City of Greenville, and certain other land adjacent thereto, for the purpose of erecting an office building thereon. The provisions for benefits to the public by use of floor space and offices were almost identical, or at least very similar to those in the Anderson Act. An action was brought in the *Greenville Case,* as in this, to enjoin the erecting of the building. The questions of dedication, of implied easements, of constitutional objections, etc., were made there as here. In an elaborate and able decree, Judge T. J. Mauldin, on circuit, considered and decided these questions. He overruled all the objections and dismissed the complaint. On appeal the Supreme Court adopted the decree of Judge Mauldin and made it the opinion. of that Court. That case rules and decides this one. It is in such complete analogy in facts and in law with the present case that it would be a work of supererogation to cite and repeat the argument and rulings of that case as applied to this. It is sufficient to say that I am content to rest this decree upon the authority of that and the *Haesloop Case.*

It is, therefore, ordered, adjudged, and decreed that for the reasons hereinabove given the demurrer to the complaint be, and is, sustained. Ordered further, that the complaint be dismissed.

*Messrs. Watkins & Prince,* for appellant, cite: *Dedication:* 18 C. J., 120 S. E., 584; 8 R. C. L., 914; 19 N. J.

Eq., 355; 89 N. E., 731; 38 L. R. A., 849; 28 Am. Dec., 641. *Public purpose:* 32 Cyc., note page 1252. *Rights of abutting landowners:* 19 C. J., 935; 108 N. E., 455; 7 Atl., 22; 40 Iowa, 625; 19 Hun., 30; 11 Beav., 571; 120 S. E., 336; 67 S. C., 519.

*Messrs. Sullivan & Sullivan,* for respondent, cite: *Intention to dedicate:* 8 R. C. L., 890, 896; 8 A. L. R., 259. *Burden of proof is on the party setting up such intention:* 80 S. C., 430. *User:* 8 R. C. L., 904; 18 C. J., 94; 20 Atl., 801; 109 Pa., 150; 40 Am. Dec., 489; 93 N. E., 765; 98 S. E., 747. *General dedication:* 106 Pac., 297; 120 S. E., 586. *Legislative right to control dedicated public property:* 3 Dill. Mun. Corp. (5th Ed.), 1122, 1128, 1160, 1097. Elliott on Roads and Streets (3d Ed.), 1177, 1182, 509; Note 26 L. R. A., 821; 64 Am. Dec., 649; 63 Pa., 489; 46 Atl., 894; Note 27 L. R. A. (N. S.), 938, 939; 79 Ill., 25; 8 Phila., 167; 27 Mich., 268; 45 N. Y., 235; 106 N. Y., 496; 1 L. R. A., 725; 16 R. U., 422; 13 La., 326; 87 N. E., 17. *Grant is not a donation of public property to a private corporation:* 115 S. E., 596. *Easements by implication:* 9 R. C. L., 754.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Bonham, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES FRASER and COTHRAN concur.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE MARION (concurring): I concur in the result. I do not think the facts alleged are sufficient to support a conclusion that the State as the original owner, in its proprietary capacity, of the lot now owned by the plaintiff, and also of the so-called "Plaza lot," ever dedicated the Plaza lot to the public for the specific purpose of being used

as a park or open "square". The Plaza lot was reserved for "public purposes," generally. If the Plaza lot had been originally thus dedicated by a private individual to general public purposes, would such private individual, or his successors in interest, now be in position successfully to maintain that the proposed use for the building authorized by the Legislature would constitute such a diversion from the use for which the land was dedicated as would justify the Courts in enjoining that use? I think not. If the owner of the fee in the land itself could not prevent the land from being used for the proposed public purpose authorized by the supreme legislative power of the State, I am satisfied that an owner of a lot abutting, who asserts the right to have the proposed use declared a diversion merely as a right appurtenant to his abutting lot, is in no position to have the new use of a part of the premises declared such a misuse as would infringe his constitutional rights of property. In that view of the case, certain of the propositions as broadly laid down in the able decree of his Honor, Judge Bonham, are not, as I think, essential to the conclusion reached. As the limited time at my command, however, does not permit of a full discussion I must here content myself with a general concurrence in the result.